

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR–14–239

|  |  |  |
|---|---|---|
|  |  | **Opinion Delivered** November 5, 2014 |
| MICHAEL WOOLE | | APPEAL FROM THE FAULKNER |
| | APPELLANT | COUNTY CIRCUIT COURT |
| | | [NO. CR–2012-922] |
| V. | | |
| | | HONORABLE CHARLES E. |
| | | CLAWSON, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | REMANDED TO SETTLE AND |
| | | SUPPLEMENT THE RECORD; |
| | | REBRIEFING ORDERED |

**ROBIN F. WYNNE, Judge**

Michael Woole appeals from his convictions for two counts of aggravated cruelty to a dog, cat, or horse. He argues on appeal that the trial court erred by denying his motion to dismiss and his motion to suppress certain photographs. Due to deficiencies in the record and appellant's brief, we remand to settle and supplement the record and order rebriefing.

Appellant stood trial without a jury on two counts of aggravated cruelty to a dog, cat, or horse. The State alleged that he had knowingly tortured two dogs on or about August 30, 2012. At trial, the State introduced, initially without objection, several photographs of a home and an outdoor dog pen on the property where a witness testified that he saw appellant beating a dog with a baseball bat. During his cross-examination of David Mitchell, an officer with the Conway Animal Welfare Unit who took the photographs introduced by the State, appellant objected to the photographs as being the product of an illegal search of his property.

The trial court announced that it would take the oral motion to suppress the photographs under advisement, and the trial continued. Following trial, both parties apparently submitted briefs on the suppression motion to the trial court. After reviewing the briefs, the trial court entered a letter order and a formal order denying the motion to suppress. Appellant was found guilty on both counts and sentenced to forty-eight months' imprisonment. This appeal followed.

While the brief submitted by the State to the trial court following the trial is included in the record and appellant's addendum, the brief submitted by appellant is in neither the record nor the addendum. It appears that appellant filed a brief, as the State's brief is titled a responsive brief and the trial court's letter order states that the trial court read briefs by both parties. Under Rule 6(e) of the Arkansas Rules of Appellate Procedure–Civil (2014), an appellate court may on its own motion direct that the record be corrected and a supplemental record filed if anything material to either party is omitted from the record by error or accident. Appellant's brief to the trial court is necessary for this court to determine precisely what appellant argued to the trial court regarding the suppression issue.

A supplemental record including appellant's trial brief shall be filed within thirty days of the date of this opinion. Appellant shall have fifteen days from the date the record is filed to file a substituted brief. The State shall then have fifteen days from the date appellant's brief is filed to revise or supplement its brief, or it may elect to stand on the brief already filed.

Remanded to settle and supplement the record; rebriefing ordered.

GLADWIN, C.J., and PITTMAN, J., agree.
*James Law Firm*, by: *William O. "Bill" James, Jr.*, for appellant.
*Dustin McDaniel*, Att'y Gen., by: *Laura Shue*, Ass't Att'y Gen., for appellee.